29020. COGGIN et al. v. DAVEY et al.

GUNTER, Justice.

This appeal raises the issue of the applicability of Georgia's "Sunshine Law" to the General Assembly and its committees. This statute (Ga. L. 1972, p. 575; Code Ann. §§ 40-3301 through 40-3303) was enacted in 1972, and, as pertinent to this appeal, it provides: "All meetings of any state department, agency, board, bureau, commission or political subdivision . . . at which official actions are to be taken are hereby declared to be public meetings and shall be open to the public at all times. No resolution, rule, regulation or formal action shall be binding except as taken or made at such meeting. Any action contesting a resolution, rule, regulation or formal action on the ground of noncompliance with this law must be commenced within ninety days of the date the resolution, rule or regulation was passed or the formal action was taken."

This statute further provides that the minutes of such meetings shall be public; and it also provides that the superior courts shall have jurisdiction to issue injunctions

to enforce the law upon application by any citizen of the state.

The appellees (complainants below) contend that they were excluded from General Assembly committee meetings during the 1974 Session of the General Assembly, and that such exclusion was a violation of the "Sunshine Law." The original complaint was filed on February 20, 1974, by three employees of WRNG Radio in behalf of themselves and all others similarly situated. A few days later Common Cause, an unincorporated association, intervened as a complainant in behalf of its members and others similarly situated. The defendants were a member of the Senate and a member of the House of Representatives. The complainants asserted that they had been excluded from specified committee meetings of the General Assembly, that they expected that such exclusions would continue, and that such exclusions were unlawful; and they sought to temporarily and permanently enjoin such exclusions, and they sought a declaration that the "Sunshine Law" is applicable to all meetings, at which official action is to be taken, of the following: Georgia House of Representatives, Georgia Senate, Legislative Services Committee, Legislative Counsel of the General Assembly, Clerk of the House of Representatives, Secretary of the Senate, Standing Committees of the House and Senate, Conference Committees, and Interim Committees.

The appellants filed responsive pleadings which admitted most of the factual allegations and set up as their basic defense their contention that the "Sunshine Law" did not apply to them as legislators or to any actions taken by them as committee members of the General Assembly. Appellants also moved to dismiss the complaints or, alternatively, for judgment on the pleadings on the grounds (a) that the "Sunshine Law" does not apply to the committees of the General Assembly, and (b) that no claim for injunctive relief was stated since the judiciary will not enjoin the legislative process. Common Cause, the intervenor complainant, then filed a motion to dismiss defendants' answer or, alternatively, to bar representation of the defendant by the Attorney General and the Office of Legislative Counsel.

After conducting hearings the trial judge on May 6, 1974, entered a final judgment, and this appeal is from that judgment.

The pertinent parts of that judgment are: "III. (2). The applicable Georgia laws pertaining to representation of appointed counsel for a legislator are set out in Georgia Laws 1965, pp. 270, 271 (Georgia Code Ann. Sec. 47-1203) and Georgia Laws 1958, p. 19 (Georgia Code Ann. Sec. 89-920). Since neither of these Code sections was conformed to, representation by Mr. Harold Hill is not authorized by Georgia law. Wherefore, the court further rules as follows: (1) defendants' motion to dismiss plaintiffs' petition is denied. (2) The 'Sunshine Law' (Georgia Laws 1972, p. 575) is applicable to the General Assembly and to conference committees of both Houses of the General Assembly. (3) The proceedings of the Appropriations Conference Committee meetings on February 19, 1974, and February 20, 1974, which took action on the appropriations bill, are rendered void and of no effect."

I.

The first two enumerated errors complain that the trial court erred in holding that the Attorney General was not authorized to represent appellants on his own motion, and that the court erred in holding that the appellants were not entitled to representation by the Office of Legislative Counsel.

First, the trial court's judgment did not make any ruling with respect to representation of the defendants by the Office of Legislative Counsel. Second, the counsel-representation issue as posed and decided in the judgment was much narrower than the error enumerated and argued by appellants in this court. The judgment of May 6, 1974 states that one of the issues to be decided was "whether representation by the defendants' counsel was authorized by Georgia law." The entire ruling of the trial court on this issue is quoted above from the judgment.

We conclude that this ruling does not raise broad issues as to the constitutional or statutory powers of the Attorney General to represent members of the General Assembly in connection with their official acts and duties.

The judgment below merely quotes two statutes and then says: "Since neither of these Code sections was conformed to, representation by (the Special Deputy Assistant Attorney General) is not authorized by Georgia law."

Code Ann. § 47-1203 creates the Office of Legislative Counsel, and it neither authorizes nor prohibits reppresentation of legislators by a Deputy Assistant Attorney General. This statute, therefore, did not prohibit the representation objected to in this case.

Code Ann. § 89-920 merely provides that when an action is filed against a state public official or board or bureau, and when no regular counsel is provided for such public official, board, or bureau by the Attorney General, the Governor "may designate legal counsel in such case for such public officer, public official, board or bureau, or its members." This statute certainly does not prohibit the representation by the Attorney General of legislators in legal actions which arise out of their official duties as legislators.

The judgment below contained only a declaration concerning legal representation, and that declaration was erroneous. The judgment did not dismiss the pleadings of the defendants, and it did not disqualify counsel representing the defendants. In fact, the Attorney General has continued to represent defendants-appellants in the appeal to this court.

Before this court will rule on the broad issues sought to be presented on this question in this court, there will have to be a more clear-cut, definitive ruling in the trial court on the issues than is contained in this case.

However, we reiterate that the declaration contained in this judgment on this issue was erroneous.

## II.

The third error enumerated is that the trial court committed error in declaring the "Sunshine Law" applicable to the General Assembly and to conference committees of the General Assembly. We agree with this contention and hold that the trial court's ruling on this issue was erroneous.

The appellees argue that the statutory language making the "Sunshine Law" applicable to state

departments has reference to the three branches or departments of the government, the Legislative, the Executive and the Judicial. We do not agree with this contended-for interpretation. We think that the statute is applicable to the departments, agencies, boards, bureaus, etc. of this state and its political subdivisions. It is not applicable to the General Assembly.

Historically, each house of the legislature has proposed, adopted, and enforced its own rules for its internal operations and for the joint operations of the two houses. Senate Rule 60 provides that no reference shall be made to matters which took place in any committee of the House or Senate while the same was "in executive session." House Rule 62 provides that no reference shall be made to matters which took place in any committee or in the Senate. Senate Rule 196 and House Rule 211 provide for the keeping of minutes of committee meetings which shall be available to members but "shall not be matters of public record."

These rules were adopted by both the House and the Senate after the passage of the "Sunshine Law," and they show that both houses considered themselves free to adopt their own rules of internal procedure even though such rules were inconsistent with the "Sunshine Law."

We do not believe that it can reasonably be argued that the House or Senate cannot pass an internal operating rule for its own procedures that is in conflict with a statute formerly enacted.

We therefore hold that the "Sunshine Law" is not applicable to the Legislative branch of the government and its committees. If the House, the Senate, or both want to let the sun shine more brilliantly and more pervasively upon their deliberations and actions, they can do so by adopting rules and procedures applicable to their operations that will accomplish this purpose. Such purpose was not accomplished by the enactment of the "Sunshine Law" in 1972.

### III.

The other enumerated errors are controlled by what we have ruled in Division II of this opinion. Therefore, it is unnecessary to treat them individually.

It follows that the appellees' complaints should have been dismissed below for failure to state a claim.

*Judgment reversed. All the Justices concur, except Ingram and Hall, JJ., who concur specially. Hill, J., not participating.*

ARGUED SEPTEMBER 12, 1974 — DECIDED JANUARY 6, 1975.

*Charles E. Tidwell, Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Assistant Attorney General,* for appellants.

*Larry W. Thomason, Stanley M. Lefco, William Hollberg,* for appellees.

INGRAM and HALL, Justices, concurring specially.

We concur in the holding that the General Assembly is not a "state department, agency, board, bureau, commission or political subdivision" and that the statute is therefore inapplicable to the General Assembly. We do not concur with the statement in the majority opinion that either the House or the Senate can pass an internal operating rule for its own procedures in conflict with a general law enacted by both bodies and signed by the Governor. The statement is dictum and not necessary to a decision in this case.