132 N.J. Super. 435 (1975)
334 A.2d 64
KENNETH A. GEWERTZ, PLAINTIFF-APPELLANT,
v.
THE JOINT LEGISLATIVE COMMITTEE ON ETHICAL STANDARDS AND WILLIAM M. LANNING, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 4, 1975.
Decided February 20, 1975.
*436 Before Judges LYNCH, ALLCORN and FURMAN.
Mr. Joseph F. Lisa, attorney for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondents (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Richard M. Conley, Deputy Attorney General, on the brief).
Mr. William S. Greenberg, attorney for New Jersey Bar Association, amicus curiae.
PER CURIAM.
Plaintiff, a member of the General Assembly, appeals from a judgment in a prerogative writ action upholding defendant Joint Legislative Committee's denial to him of access to its advisory opinions on ethical standards. Defendant Committee was established pursuant to the Conflicts of Interest Law (N.J.S.A. 52:13D-12 et seq.)
Senate Concurr. Resolu. 28 (1972) provides that defendant Joint Committee's advisory opinions "shall not be made public except upon the direction of a majority of all the members of the Joint Committee or upon the request of the member seeking the advisory opinion." Plaintiff does not attack the constitutionality of the concurrent resolution. As a member of the General Assembly he is subject to its rules of procedure (N.J. Const. (1947), Art. IV, § IV, par. 3), which are not reviewable by the judiciary except on constitutional grounds. In re Application of Lamb, 67 N.J. Super. 39 (App. Div. 1961), aff'd 34 N.J. 448 (1961).
Plaintiff nevertheless asserts a right of access to the advisory opinions under the Right to Know Law (N.J.S.A. *437 47:1A-1 et seq.) or by common law. The Right to Know Law forecloses him by its own terms: "Except as otherwise provided * * * by any * * * resolution of either or both houses of the Legislature," all records which are required by law to be made, maintained or filed by a governmental entity or agency of the State are public records under that enactment.
Irval Realty v. Bd. of Pub. Util. Comm'rs, 61 N.J. 366 (1972), holds that the common law right of access to public records was not superseded by the Right to Know Law. In Irval plaintiffs in gas explosion cases were granted access to Board of Public Utility Commissioners reports, despite a board regulation exempting them from the Right to Know Law. The test set in Irval is a personal or special interest, including hardship or prejudice.
Plaintiff contends that the advisory opinions would provide him with guidelines for his own conduct in avoiding conflicts of interest. He cites N.J.S.A. 52:13D-12(b): "* * * persons serving in government should have the benefit of specific standards * * *." Although he asserts that the advisory opinions may benefit him also as a private businessman, he is a legislator dealing with a legislative committee and governed by the rules of the Legislature. He is barred by the concurrent resolution, which protects the confidentiality of the advisory opinions. Specifically, the concurrent resolution protects against the risk that, if an advisory opinion proscribes some activity or conduct and is published, members of the public or fellow legislators may assume that the legislator who sought the opinion engaged in fact in that activity or conduct.
The State Bar Association filed a brief amicus curiae recommending a compromise, that is, publication of defendant Joint Committee's advisory opinions with deletion of the legislators' names. In view of the concurrent resolution we lack authority to mandate such a compromise.
Affirmed.