QUESTIONS:
1. Can the House of Representatives, exercising its rulemaking power pursuant to s. 4(a), Art. III, State Const., authorize the Select Committee on Organized Crime to hold executive sessions for the purpose of considering information provided by law enforcement of a sensitive or confidential nature, the provisions of s.286.011, F. S., notwithstanding?
2. Can the House of Representatives, exercising its rulemaking power pursuant to s. 4(a), Art. III, State Const., authorize the Select Committee on Organized Crime to withhold certain documents or records provided by law enforcement, which may be of a sensitive or confidential nature, from inspection, examination, or disclosure, the provisions of Ch. 119, F. S., notwithstanding?
SUMMARY:
Pending judicial clarification, since Florida's Government-in-the-Sunshine Law, s. 286.011, F. S., involves matters of substance as well as procedure, the House of Representatives should not by duly adopted house rule attempt to exempt meetings of the Select Committee on Organized Crime from said law.
Assuming that documents and records of a confidential nature provided by law enforcement agencies to the select committee fall within the `police secrets' rule, such documents and records when in the possession of the committee are exempt from the mandatory inspection provision of s. 119.07(1), F. S., by virtue of such rule.
While your questions presume that Florida's Government-in-the-Sunshine Law, s. 286.011, F. S., and Public Records Law, Ch. 119, F. S., are fully applicable to the Legislature, a question has apparently arisen among some members of the Legislature regarding the applicability of these laws to the Legislature. Because of this, it is appropriate to again reiterate what has been the consistent position of this office since I assumed the office of Attorney General.
In AGO 072-16, this office expressed the view that the Sunshine Law was applicable to legislators. Subsequently, in City of Safety Harbor v. City of Clearwater, No. 40,269, order filed May 14, 1974, a circuit judge ruled that, since the Sunshine Law imposed criminal sanctions, it was entitled to a strict construction and, therefore, the Legislature did not fall within the plain meaning of the statute. This statement, however, is in obvious conflict with Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the Supreme Court stated that:
 Statutes enacted for the public benefit should be interpreted most favorably to the public. The fact that the statute contains a penal provision does not make the entire statute penal so that it must be strictly construed.
Indeed, had the 1967 Legislature which enacted s. 286.011, F. S., not intended to include itself within the act, it is difficult to explain why the words `except as otherwise provided by theConstitution' came to be inserted into s. 286.011, since the only exception in the 1885 Constitution authorizing executive sessions was that found at s. 13, Art. III, State Const. 1885, relating to executive sessions of the Senate. Had the 1967 Legislature not
intended to include itself within the Sunshine Law, there would have been no reason to partially exempt itself from the act. Moreover, the history of the Sunshine Law reveals that in 1967, when the law was again reintroduced, the Senate was engaged in debate over `executive sessions' and their abuses. The media had become aroused when one of their members refused to leave one of these sessions and was forcibly ejected. Greenberg, An AnnotatedHistory of Florida Sunshine Law, Senate Cong. Record, August 4, 1972, at 26907. Additionally, the author of the Sunshine Law, former Senator Emory Cross, has stated that in his view the Senate is covered by the act. Greenberg, id., at 26912.
While it is true that the Sunshine Law does not expressly mention the Legislature within its terms, it should also be recognized that the judiciary, in construing the Sunshine Law, has favorably construed the same in favor of government openness and accountability. For example, while the Sunshine Law does not specifically mention `public notice,' the courts have implied into the law such a requirement. Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). Similarly, the court has applied the law to ad hoc advisory boards which are likewise not specifically enumerated in the law. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974).
In concluding that the Legislature is subject to the Sunshine Law, this office was guided primarily by the apparent intent of the 1967 Legislature which enacted the law, the illogic of requiring local boards to comply with s. 286.011, F. S., while at the same time excluding from the law the body which has the greatest impact on the lives and affairs of the people of the state, as well as previous opinions of the Supreme Court of Florida which have consistently stated that all doubts regarding the applicability of the law should be resolved in favor of the public. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
Regarding the applicability of Ch. 119, F. S., to the Legislature, the act itself clearly extends to all `state officers' which includes, but is not limited to, members of the Legislature. Section 119.011(2), F. S.; AGO 075-282.
AS TO QUESTION 1:
Section 4(a), Art. III, State Const., provides in pertinent part that `[e]ach house shall determine its rules of procedure.' This provision is substantially the same as s. 6, Art. III of the 1885 Constitution, which stated that `[e]ach house shall . . . determine the rules of its proceedings.'
It is well recognized that a legislative body possesses the authority to control its own proceedings. Bednar v. King,272 A.2d 616 (N.H. 1970). Such control is the established prerogative of the legislative body. State ex rel. Powott Corp. v. Woodworth,15 N.Y.S.2d 985, rev'd on other grounds 21 N.Y.S.2d 785. In many jurisdictions, including Florida, this power is conferred directly by the State Constitution. See 59 Am. Jur.2d Parliamentary Law s. 2; 81 C.J.S. States s. 30. When rules of procedure are adopted by a legislative body pursuant to constitutional authority, such power has been said to be unlimited and absolute so long as a duly adopted rule does not ignore constitutional restraints. Opinion of the Justices, 179 So.2d 155 (Ala. 1965); Opinion of the Justices,190 A.2d 519 (Del. 1963); Application of Lamb, 169 A.2d 822, aff'd170 A.2d 34 (N.J. 1961); Opinion of the Justices, 79 N.E.2d 881
(Mass. 1948); Taylor v. Davis, 102 So. 433 (Ala. 1924); State v. Cason, 507 S.W.2d 405 (Mo. 1973). In State ex rel. X-CEL Stores, Inc. v. Lee, 166 So. 568 (Fla. 1936), the court followed this general rule, stating at 571:
 This is true because section 6 of article 3 of the Constitution gives the Legislature full power to adopt and enforce its own rules of procedure. So long as the legislative rules are in harmony with the constitutional plan for making laws, proceedings had in conformity thereto are not invalid. . . .
Similarly, it was observed in State ex rel. Coleman v. Lewis,186 S.E. 625 (S.C. 1936), that the power of the House of Representatives to determine its rules of procedure is a continuous power always subject to exercise by the house and is absolute in the absence of constitutional retraints. Accord:
Gewertz v. Joint Legislative Committee on Ethical Standards,334 A.2d 64 (N.J.App. Div. 1975), stating `rules of procedure of the General Assembly are not reviewable by the judiciary except on constitutional grounds.'
In Crawford v. Gilchrist, 59 So. 963 (Fla. 1912), the court, in construing the scope of s. 6, Art. III of the 1885 Constitution relating to rules of procedure, stated:
 The provision that each House `shall determine the rules of its proceedings' does not restrict the power given to the mere formulation of standing rules, or to the proceedings of the body in ordinary legislative matters; but in the absence of constitutional restraints, and when exercised by a constitutional quorum, such authority extends to the determination of the propriety and effect of any action as it is taken by the body as it proceeds in the exercise of any power in the transaction of any duty conferred upon it by the Constitution. This, of course, includes authority, subject to the Constitution, to determine the rules of procedure to be observed in agreeing to proposed amendments to the Constitution, and embracing the right to determine the reconsideration of action taken, when no provision of the Constitution is thereby violated. [Crawford, supra, at 968. Also see State ex rel. Landis v. Thompson, 163 So. 270, 281
(Fla. 1935).]
Thus, so long as no constitutional provision is violated, the Legislature has, pursuant to s. 4(a), Art. III, the unlimited right to regulate the conduct of its business. This presumably includes the authority to adopt by rule a procedure different from that required by statute. In Coggin v. Day, 211 S.E.2d 708 (Ga. 1975), the court, in deciding that the Georgia Assembly was not subject to that state's `sunshine law,' noted that the House or Senate could pass an internal operating rule for its own procedures that is in conflict with a statute formerly enacted. This is consistent with the rule adopted in this state by the judicial branch regarding the Supreme Court's rulemaking powers under s. 2(a), Art. V, State Const., which has been construed to permit the court to adopt a rule of procedure at variance with its own precedents. State v. Lyons, 293 So.2d 391 (4 D.C.A. Fla., 1974).
However, in specific regard to the Sunshine Law, a serious question exists as to whether the act should be considered procedural as opposed to substantive. Generally, a matter is substantive if it creates, defines, adopts, and regulates rights.See, In re Florida Rules of Criminal Procedure, 272 So.2d 65
(Fla. 1972) (Adkins, J., concurring). In Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla. 1969), the court noted that `the right of the public to be present and heard during all phases of enactments is a source of strength in our country' and went on to admonish boards subject to the act not to attempt to avoid the law and thereby deprive the public of this `inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made.' As a matter of policy, the judiciary has stated that a mere showing that the Sunshine Law has been violated constitutes an irreparable public injury. Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974); Times Publishing Co. v. Williams,222 So.2d 470 (2 D.C.A. Fla., 1969). Thus, while the law is procedural in one sense, i.e., regulation of the conduct of meetings, it is also substantive in another, i.e., creation of public rights, which enables individuals to have knowledge of and participation in their government. Accordingly, unless judicially clarified to the contrary, I am inclined to the view that s. 286.011, F. S., is substantive as well as procedural and, therefore, may only be amended by ordinary legislative processes.
AS TO QUESTION 2:
Florida Public Records Law, Ch. 119, F. S., states, generally, that all documents made or received by public officials in the course of conducting public business constitute public records which must be made available for public inspection and examination by any person. Section 119.07(2)(a) recognizes that certain records have been `deemed by law' to be confidential and are thereby exempted from the mandatory inspection provisions of s.119.07(1).
This office has repeatedly recognized that an exception exists to Ch. 119, F. S., for certain records of law enforcement agencies.See Lee v. Beach Publishing Co., 173 So. 440, 442 (Fla. 1937). This exception, commonly referred to as the `police secrets' rule, has been said to encompass sensitive information such as the identity and/or statements of witnesses and informants, possible suspects, tangible and intangible evidence, and the like. Additionally, investigative reports obtained from the police, where the report is a narrative by the police containing confidential or sensitive information of an investigatory nature relating to criminal activities, are also within the scope of the rule. See AGO 057-157. Generally, this office has interpreted the police secrets rule to apply where the effect would be to significantly impair or impede enforcement of the criminal law or to enable violators to escape detection. Attorney General Opinions 072-168, 073-166, and 075-9.
Assuming the documents referred to in question 2 of your inquiry fall within the `police secrets rule,' then such documents would be exempted from s. 119.07(1), F. S., by virtue of the application of said rule. As to the power of the Legislature to exempt by House or Senate rule legislative records not subject to the `police secrets rule' from s. 119.07(1), see and compare Johnson v. State, 336 So.2d 93 (Fla. 1976), and AGO 075-282.
Prepared by: Staff