A91A1743. FATHERS ARE PARENTS TOO, INC. v. HUNSTEIN.
(415 SE2d 322)

ANDREWS, Judge.

Fathers Are Parents Too, Inc. (appellant) brought suit against Hunstein (appellee), who was acting as chairperson of the Georgia Commission on Gender Bias in the Judicial System (the Commission), seeking a declaration that the Commission is subject to the Open Meetings Act (OCGA § 50-14-1 et seq.), and seeking to enjoin appellee from conducting Commission meetings closed to the public. The trial court granted appellee's motion to dismiss on the threshold ground that the Commission, which was created by an order of the Georgia Supreme Court, was not subject to the Act because the Act did not apply to the judicial branch of state government. The ensuing appeal, filed in the Supreme Court, was transferred to this Court.

1. In its first two enumerations of error, appellant claims the trial court erred in ruling that the Act does not apply to the Commission or to the judicial branch. In *Coggin v. Davey*, 233 Ga. 407, 410-411 (211 SE2d 708) (1975), the Supreme Court held that the former Act (as enacted by Ga. L. 1972, p. 575), although applicable to the executive branch of government, was not applicable to the legislative

branch or its committees. Though not part of its holding, *Coggin* also rejected the argument that the Act applied to the judicial branch. Id. at 410-411. The Court reasoned that the Act was not intended to apply to the legislative branch since the Legislature had historically exercised the authority to adopt its own internal operating procedures, and had subsequently adopted the procedures at issue inconsistent with the Act. Id. at 411.

The judicial branch is invested with inherent power which, likewise, supports the conclusion that the Legislature did not intend for the Act to apply to the courts. In Art. VI, Sec. I, Par. I, the Georgia Constitution of 1983 vests the power of the judicial branch of government in the Supreme Court, this Court, and the other courts of this state. See Ga. Const. 1983, Art. VI, Sec. I, Par. II (all courts of the state comprise a unified judicial system). In exercising this judicial function, the Supreme Court and other courts are vested with the inherent power necessary to the administration of justice and " 'with all necessary authority to efficiently and completely discharge those duties the performance of which is by the Constitution committed to the judiciary, and to maintain the dignity and independence of the courts.' " (Citation omitted.) *Wallace v. Wallace*, 225 Ga. 102, 111 (166 SE2d 718) (1969). Such authority may be exercised, not as a means to encroach upon any other branch of government, but where necessary to insure the proper functioning of the judicial system. *Miree v. United States*, 242 Ga. 126, 132 (249 SE2d 573) (1978). As the Supreme Court has noted: "Where the use of authority will further our judicial processes, improve and stabilize the administration of justice, and render a basic service to our people, we feel that we have a duty to serve. Our powers are equal to our duties." Id. at 132. In recognition of the separate authorities and duties vested in the three co-equal branches of government, the Constitution provides that the legislative, judicial and executive powers shall forever remain separate and distinct. Ga. Const. 1983, Art. I, Sec. II, Par. III. "As a principle flowing from the separation of powers doctrine, [the inherent judicial power] . . . arms the judicial branch with authority to prevent another branch from invading its province." *McCorkle v. Judges &c. of Chatham County*, 260 Ga. 315, 316 (392 SE2d 707) (1990). Accordingly, the proper exercise of such judicial authority may not be limited by the legislative branch. *Grimsley v. Twiggs County*, 249 Ga. 632, 633-634 (292 SE2d 675) (1982). For these reasons, and because the current Act (enacted by Ga. L. 1988, p. 235) does not specifically reference the judicial branch, nor otherwise apply to the judiciary in clear and unmistakable terms, we conclude that the Legislature did not intend for the Act to apply to the judicial branch of government. See OCGA § 1-3-8; *Harrison Co. v. Code Revision Comm.*, 244 Ga. 325, 328 (260 SE2d 30) (1979) (state not bound

by law unless named therein, or unless the intent that it be bound is clear and unmistakable).[1]

The Supreme Court ordered the formation of the Commission "to study and investigate the existence and scope of gender bias in the judiciary in Georgia . . ." and to file a report upon completion of its work. Acting under the authority of the Supreme Court to assist the Court in the exercise of its judicial function, the Commission is not subject to the Act.

The trial court correctly concluded that the Act did not apply to the judicial branch of government or to the Commission, and properly granted appellee's motion to dismiss.

2. Since we conclude the Act was not applicable, we need not address appellant's claim that the trial court erred by ruling the Commission was an advisory group to which the Act, in any case, would not apply. Neither do we reach appellant's asserted constitutional error. The constitutional claim was not clearly made in the court below, nor ruled on by the trial judge so it presents nothing for our review. *Archie v. Scott,* 190 Ga. App. 145, 146 (378 SE2d 182) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 7, 1992.

*Daryl G. LeCroy,* for appellant.
*Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General,* for appellee.

---

[1] This construction of the Act is consistent with the application of the Federal Freedom of Information Act (5 USC § 552), which by its terms excludes Congress and the federal judicial branch. See 1 J. O'Reilly, Federal Information Disclosure, § 4.02 (2nd ed. 1991).