### A93A2567. STREET v. THE STATE.
(438 SE2d 693)

JOHNSON, Judge.

This is a direct appeal from the trial court's denial of Street's motion for discharge and acquittal made on the ground that the State had failed to try him within the time prescribed by statute after he

filed a demand for trial. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985); compare *Smith v. State*, 207 Ga. App. 762 (429 SE2d 149) (1993).

Street was indicted on March 9, 1993, for the offenses of burglary, first degree forgery and theft by taking. After he failed to appear at arraignment on March 19, 1993, the State learned that Street was incarcerated at the Lowndes County Correctional Institute. The trial court entered an order dated March 23, 1993, directing the Department of Offender Rehabilitation to produce Street for arraignment on June 4, 1993, and for trial on June 14, 1993. On March 26, 1993, Street forwarded a demand for speedy trial to the Superior Court of Muscogee County and served a copy on the district attorney's office by U. S. mail. A copy of the demand, bearing a stamp indicating it was filed on March 30, 1993, is included in the record on appeal.

It is undisputed that the case was not tried during the February or April terms of court. The State acknowledges in its brief that "for some unexplained reason . . . the Department of Corrections did not produce [Street] for the scheduled arraignment and trial." On June 8, 1993, Street filed a motion for discharge and acquittal. At a hearing on the motion, the trial judge found that the court's March 23 order substantially complied with the definition of a detainer. Therefore, it concluded, Street should have followed the procedure outlined in OCGA § 42-6-3 for ensuring a trial date and his demand for speedy trial pursuant to OCGA § 17-7-170 was ineffective.

A detainer is "a written instrument *executed by the prosecuting officer of a court* and filed with the department requesting that the department retain custody of an inmate pending delivery of the inmate to the proper authorities to stand trial upon a pending indictment or accusation. . . ." (Emphasis supplied.) OCGA § 42-6-1 (3). Detainer statutes are in derogation of the common law and must be strictly construed.[1] This court has not been called upon to interpret this particular section of the statute. However, the Attorney General has opined that officers and employees of a county probation department are not prosecuting officers of a court within the meaning of the Georgia Detainer Act. Op. Atty. Gen. 69-268. The order in this case was issued by the trial judge, and not by the prosecuting officer in the case. Therefore it cannot be considered a detainer pursuant to OCGA § 42-6-1 et seq., and Street was not required to follow the procedures outlined in OCGA § 42-6-3 to obtain a final disposition of subsequent charges within two terms of court.

---

[1] For a comprehensive discussion of history of development of OCGA § 17-7-170 and how it interfaces with detainer statutes, see Judge Andrews' special concurrence in *State v. Collins*, 201 Ga. App. 500, 501-506 (411 SE2d 546) (1991).

The State argues that even if the detainer statutes do not apply, Street is not entitled to acquittal because there was not strict compliance with the three-prong requirement recently reiterated in *State v. Moore*, 207 Ga. App. 677 (428 SE2d 815) (1993). In Moore, the appellant was charged with armed robbery, a capital crime. The *Moore* case examines the requirements of OCGA § 17-7-171 (b) which are inapplicable to this case because Street was indicted for burglary, first degree forgery and theft by taking, all felonies, but none are crimes for which he could receive the death penalty. See generally *White v. State*, 202 Ga. App. 370 (414 SE2d 296) (1991).

Street's demand for speedy trial was timely filed[2] and unequivocal in meaning. *Green v. State*, 191 Ga. App. 873, 875 (383 SE2d 359) (1989). His motion for discharge and acquittal should have been granted.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 2, 1993.

*William J. Mason*, for appellant.
*Douglas C. Pullen, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.

---

[2] That Street had not been arraigned at the time his speedy trial demand was filed did not toll the time within which his case should have been tried. See *Smith v. State*, supra, in which this court noted: "[I]f a speedy trial demand is timely entered, the State must act to arraign and try the defendant within the allotted time or else he is entitled to discharge and acquittal." Id. at 763.