A04A0809. ONI v. THE STATE.

(602 SE2d 859)

SMITH, Chief Judge.

Adedamola Oni appeals the denial of his motion for discharge and acquittal, contending that he did not waive his demand for a speedy trial filed under OCGA § 17-7-170. We disagree and affirm.

On February 18, 2003, Oni was indicted on charges of theft by taking and three counts of burglary. On March 2, his counsel filed an omnibus motion, including a demand for speedy trial pursuant to OCGA § 17-7-170. Apparently neither the trial court nor the State

was aware of the demand; the prosecutor denied having received it, and the trial court was unaware of the demand because it was not placed in the file.

On March 19, the trial court entered a scheduling order setting trial for June 13, 2003, and a final plea hearing for May 16, 2003. With respect to the trial calendar, the scheduling order provided: "Counsel must report for the calendar call at 9:30 a.m. unless express permission not to appear has been granted. Mailing or faxing a conflict letter does not constitute permission not to appear."

Neither Oni nor his counsel appeared for the trial calendar call on June 13, and no conflict letter was sent. The trial court issued a new scheduling order setting the final plea hearing for July 18 and the trial date for August 7, 2003. On the date of the final plea hearing, Oni filed his motion for discharge and acquittal, later amended to correct errors. After a hearing, the trial court denied Oni's motion.

At the hearing on Oni's motion for discharge and acquittal, defense counsel testified that he did not appear for the calendar call because he was trying a death penalty case in DeKalb County, and that he "did not file a conflict notice I think because it was generally understood I thought by the court that I was on trial in DeKalb County. I think the district attorney was aware of that fact." While defense counsel initially stated in his place that "arrangements could have been made for the trial" because "at that time we were waiting for the jury to come back I believe over there in DeKalb County," he later stated that the trial was still taking place as of June 16 and that he was not free until June 25, a date he later characterized as "approximate." He acknowledged that he neither filed a conflict notice nor informed the trial court when the DeKalb County trial was completed, because he "thought that that case was pretty highly publicized."

The Atlanta Judicial Circuit has six terms of court, beginning on the first Mondays in January, March, May, July, September, and November of each year. OCGA § 15-6-3 (3). Under OCGA § 17-7-170 (b), Oni's demand for trial during the March term of court required that his case be tried by the end of the May term. Oni was originally scheduled for trial during the May term, but the rescheduled date postponed trial until the July term, outside the time permitted by OCGA § 17-7-170.

> A defendant who has made a proper demand for a speedy trial is entitled to an automatic discharge without further motion if he is not tried within the second term of court, provided that a jury is present at each term and is qualified to try him. Here, it is undisputed that jurors were impaneled during both terms of court. A defendant however may waive his

statutory right to automatic discharge and acquittal by some action on his part or on the part of his counsel. "Any affirmative action" by a defendant which results in a continuance of the case or a failure to try it within the time fixed by statute after the filing of a demand under OCGA § 17-7-170 has the effect of tolling the time.

(Citations omitted.) *Linkous v. State*, 254 Ga. App. 43, 45-46 (561 SE2d 128) (2002).

It is true that "the absence of defendant and by extension his counsel from the calendar call is not, per se, sufficient grounds to find waiver of the trial demand." *McKnight v. State*, 215 Ga. App. 899, 904 (453 SE2d 38) (1994). It is also true that the *filing* of a conflict letter does not constitute an "affirmative action" such as would waive a speedy trial demand, because it is required by the Uniform Superior Court Rules (USCR). *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001). But, as the trial court found, counsel here took several actions that amounted to waiver, not only by failing to appear at the calendar call but also by failing to file a conflict letter and by failing to contact the court when the conflicting trial ended. Counsel had an obligation to notify the trial court once his conflict was resolved. USCR 17.1 (C). "[F]ailure to comply with USCR 17.1 (C) constituted an affirmative act which waived appellant's speedy trial demand." *Fisher*, supra at 722.

As counsel acknowledged at the motion hearing, he failed to notify the trial court and in fact could not remember exactly when he became available. But whether he became available on June 16 or on June 25, as he testified at various times, those dates were within the May term during which Oni could have been tried consistent with his speedy trial demand. By failing to notify the court of his availability, "[n]otwithstanding the fact the trial court had continued the case at that point, appellant[ ] . . . effectively removed the State's final opportunity to comply with the speedy trial demand." *Fisher*, supra at 723. While neither the State nor the trial court was aware of the speedy trial demand at the time of the continuance, that is irrelevant to Oni's inaction in failing to comply with USCR 17.1 (C). The trial court did not err in finding that Oni waived his speedy trial demand.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 30, 2004.

*Thomas M. West*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marcia M. Fuller, Alvera A. Wheeler, Assistant District Attorneys*, for appellee.