## A09A2367. GIFFORD v. THE STATE.

### (686 SE2d 831)

BERNES, Judge.

Chiquita Gifford appeals the trial court's denial of his motion for discharge and acquittal, alleging that the state violated his right to a speedy trial under OCGA § 17-7-170.[1] For the reasons set forth below, we reverse.

On January 30, 2007, Gifford was arrested on drug-related charges. Because he was on probation at the time of his arrest, Gifford was held in the Coffee County jail without bond. Apparently after his probation was revoked, Gifford was placed in the Georgia State Penitentiary System, where he has remained incarcerated throughout this case.[2]

On April 25, 2007, the grand jury returned an indictment charging Gifford with trafficking in cocaine and possession of marijuana. The indictment was returned in the March 2007 term of the Superior Court of Coffee County. See OCGA § 15-6-3 (41) (D).[3] On May 10, 2007, in the same term of court, Gifford filed his demand for speedy trial pursuant to OCGA § 17-7-170.

Gifford was not tried during the March 2007 term of court or during the next succeeding regular term of court. It is undisputed that qualified jurors were impaneled during both of those terms.

Gifford thereafter filed his motion for discharge and acquittal on the ground that his statutory speedy trial right had been violated when he was not tried in the March 2007 or succeeding regular term of court. At the hearing on the motion, the state argued that Gifford had waived his speedy trial demand because his counsel had filed several notice of conflict letters during the course of the proceedings. Alternatively, the state argued that Gifford had failed to comply with the requirements of OCGA § 17-7-170 because he had not been physically present in court when the case was called for trial. The state did not otherwise contest that Gifford had timely and properly filed his speedy trial demand.[4] After hearing the parties' arguments,

---

[1] A defendant may directly appeal the pre-trial denial of either a constitutional or statutory speedy trial claim. See *Mayfield v. State*, 264 Ga. App. 551, 554 (593 SE2d 851) (2003).

[2] There is no competent evidence in the record reflecting that a detainer was filed against Gifford by the prosecuting officer of the court. Hence, OCGA § 42-6-3 is inapplicable to this case, and we are concerned solely with the application of OCGA § 17-7-170. See *State v. Collins*, 201 Ga. App. 500 (411 SE2d 546) (1991). See also OCGA § 42-6-1 (3) (defining "detainer"); *Street v. State*, 211 Ga. App. 230, 231 (438 SE2d 693) (1993) (discussing detainers).

[3] Coffee County has two regular terms of court which begin on the third Monday in March and October.

[4] We will not consider additional arguments in the state's brief that were raised for the first time on appeal. See *Porter v. State*, 209 Ga. App. 27 (1), n. 3 (432 SE2d 629) (1993).

the trial court denied the motion for discharge and acquittal, leading to this appeal.

We conclude that the trial court erred in denying Gifford's motion for discharge and acquittal on statutory speedy trial grounds.

A defendant who has made a proper demand for a speedy trial is entitled to an automatic discharge without further motion if he is not tried within the second term of court, provided that a jury is present at each term and is qualified to try him. . . . A defendant however may waive his statutory right to automatic discharge and acquittal by some action on his part or on the part of his counsel. Any affirmative action by a defendant which results in a continuance of the case or a failure to try it within the time fixed by statute after the filing of a demand under OCGA § 17-7-170 has the effect of tolling the time.

(Citation and punctuation omitted.) *Oni v. State*, 268 Ga. App. 840, 841-842 (602 SE2d 859) (2004). The burden is upon the state to prove that the defendant waived his right to a speedy trial. *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001).

As previously noted, the state contended in the court below that Gifford waived his speedy trial demand because his counsel had filed several notice of conflict letters pursuant to Uniform Superior Court Rule ("USCR") 17.1. The conflict letters, however, were filed *after* the two terms of court at issue in this case had expired and thus are not relevant to the waiver issue. Furthermore, the Supreme Court of Georgia has expressly held that the filing of a notice of conflict letter does not constitute a waiver of the defendant's speedy trial demand, since the filing of the letter is mandatory under USCR 17.1. See *Fisher*, 273 Ga. at 722. See also *Oni*, 268 Ga. App. at 842. Thus, the state failed to establish a waiver based upon the filing of the conflict letters.

The state also contended that Gifford had failed to comply with OCGA § 17-7-170 because he had not been physically present in court when the case was called for trial. The reason Gifford was not physically present in court was that he remained in state custody and had not been returned from prison to the courtroom. We have held, in a whole court decision, that because a trial court has authority to compel an incarcerated defendant's presence for trial, such a defendant does not violate the requirements of OCGA § 17-7-170 by not being physically present due to the incarceration. See *Collins*, 201 Ga. App. at 500-501. Accordingly, the state's contention was misplaced.

For these reasons, the trial court should have rejected the state's

YALE LAW LIBRARY

contentions and found that Gifford's statutory speedy trial right had been violated. The order denying Gifford's motion for discharge and acquittal, therefore, must be reversed.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 13, 2009.

*Harold D. McLendon*, for appellant.
*Richard E. Currie, District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.